IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-00555-MSK-MEH

JOSEPH JOHN HEREFORD,

    Applicant,

v.

J.L. NORWOOD, Warden-FCI Englewood, and
UNITED STATES BUREAU OF PRISONS,

    Respondents.

## OPINION AND ORDER OVERRULING OBJECTIONS TO RECOMMENDATION AND DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

THIS MATTER comes before the Court on the Magistrate Judge's Recommendation for Dismissal **(#16)** and the Petitioner's Objections **(#17)** thereto. Having considered the matter *de novo*, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241.

### II. Background

The Petitioner, Joseph John Hereford, is a federal inmate serving a 195-month sentence. The Federal Bureau of Prisons ("BOP") currently projects his release date as November 25, 2008. The Respondent is J.L. Norwood, who is the Warden at FCI-Englewood.[1]

Mr. Hereford seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **(#3)**. He

---

[1] The BOP is not a properly named Respondent in this case. Therefore, the Court dismisses the claim asserted against the BOP on this basis.

contends that the BOP has failed to award him 54 days of good conduct time per year in accordance with 18 U.S.C. § 3624(b). He contends that the BOP's method of calculation, embodied in 28 C.F.R. § 523.20, impermissibly results in an award of only 47 days of good conduct time per year. He asserts that calculation of good time credits should be based upon the length of his imposed sentence rather than on the amount of time he actually serves.

Mr. Norwood responds that the statute allowing for good time credit is ambiguous and that the BOP's interpretation of the statute is entitled to deference under *Chevron U.S.A, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Mr. Hereford replies that if the statute is ambiguous, the rule of lenity, rather than one of deference, should apply.

The Magistrate Judge recommends that Mr. Hereford's habeas claim be dismissed. He first concludes that the rule of lenity does not apply because 18 U.S.C. § 3624 is not a penal statute. Following *Chevron*, he then concludes that the statute's definition of "term of imprisonment" is ambiguous and that the BOP's interpretation is entitled to deference.

### III. Issue Presented

The Court must determine whether the BOP's interpretation of 18 U.S.C. § 3624(b) is entitled to deference. Because Mr. Hereford has objected to the Recommendation, review is *de novo*. Mr. Hereford is *pro se*, therefore the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### IV.  Analysis

Mr. Hereford challenges the BOP's interpretation of 18 U.S.C. § 3624(b).  This statute provides in relevant part:

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . .
>
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody. . . .

The BOP interprets the phrase "term of imprisonment" in subsection (1) to mean the amount of time actually served by an inmate.  28 C.F.R. § 523.20(c).  Mr. Hereford contends that this interpretation is erroneous and that the calculation of good time credit should be based upon the actual sentence imposed.  Mr. Hereford's interpretation, if correct, would subject him to a shorter length of time in prison.

Pursuant to the Supreme Court's opinion in *Chevron*, this Court engages in a two-step analysis to determine whether an agency's interpretation of a federal statute is entitled to deference.  First, the Court determines whether the statute is ambiguous.  *See Anderson v. U.S. Dept. of Labor*, 422 F.3d 1155, 1173 (10th Cir. 2005).  If the statute is unambiguous, then the Court goes no further and must apply the statute as written.  However, if the statute is ambiguous, then the Court determines whether the agency's construction of the statute is reasonable and permissible.  *See id.* at 1173-74.  If the agency's interpretation is reasonable and

3

permissible, then this Court must defer to it.  *See Board of County Com'rs v. United States E.E.O.C.*, 405 F.3d 840, 844 (10th Cir. 2005).

The Tenth Circuit has not yet addressed whether the BOP's regulation constitutes a permissible interpretation of 18 U.S.C. § 3624(b).  However, every circuit court which has addressed this issue has upheld the BOP's interpretation under a *Chevron* analysis.  *See Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2005); *Sash v. Zenk*, 428 F.3d 132 (2d Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005), *petition for cert. filed* (Jan. 3, 2006) (No. 05-8504); *Yi v. Federal Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005); *Sample v. Morrison*, 406 F.3d 310 (5th Cir. 2005); *White v. Scibana,* 390 F.3d 997 (7th Cir. 2004), *cert. denied*, 125 S. Ct. 2921 (2005); *Bernitt v. Martinez*, 432 F.3d 868 (8th Cir. 2005); *Mujahid v. Daniels*, 413 F.3d 991 (9th Cir. 2005), *petition for cert. filed* (Jan. 13, 2006) (No. 05-8678); *Brown v. McFadden,* 416 F.3d 1271 (11th Cir. 2005).  All conclude that the statute is ambiguous and that the BOP's interpretation of the statute is reasonable and entitled to deference.  The Court finds these circuit court decisions persuasive and agrees with their conclusion.

Mr. Hereford argues that the Court should not defer to the BOP's interpretation of the statute based upon the rule of lenity.  Under the rule of lenity, the Court construes ambiguous criminal statutes against the State and in favor of a defendant.  *See United States v. Ruiz-Gea*, 340 F.3d 1181, 1188 (10th Cir. 2003).  However, the rule of lenity does not apply to non-punitive statutes, such as 18 U.S.C. § 3624.  *See Sash v. Zenk*, 439 F.3d 61 (2d Cir. 2006); *Moreland v. Federal Bureau of Prisons,* 431 F.3d 180 (5th Cir. 2005).  It also does not apply when other techniques for statutory construction shed light on a statute's interpretation.  *See Ruiz-Gea*, *supra*; *see also Brown v. McFadden, supra* (rule of lenity did not apply because of the BOP's

4

reasonable interpretation of the statute); *Yi, supra* (same).

**IT IS THEREFORE ORDERED** that:

(1)   Mr. Hereford's Objections **(#17)** to the Recommendation **(#16)** are

   **OVERRULED**.

(2)   Mr. Hereford's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §

   2241 **(#3)** is **DENIED**.

(3)   The Clerk of Court is directed to close this case.

Dated this 13th day of April, 2006

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge